IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

NAHOSHA BRAZIEL-ADAMS,

  Plaintiff,

-vs-

OCWEN LOAN SERVICING, LLC,

  Defendant.

_____/

CASE NO.:

**JURY TRIAL DEMANDED**

## COMPLAINT

The Plaintiff, NAHOSHA BRAZIEL-ADAMS, sues the Defendant, OCWEN LOAN SERVICING, LLC, and in support thereof respectfully alleges the following:

### JURISDICTION AND VENUE

1. Plaintiff brings this action to recover statutorily prescribed damages for acts on the part of Defendant OCWEN LOAN SERVICING, LLC, in violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, *et seq.*, (hereafter "TCPA").

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 as this case presents a federal question.

3. Venue is appropriate with this Court under 28 U.S.C. §1391(b), as it is the judicial district in which the Defendant resides and transacts business.

### PARTIES

4. Plaintiff, NAHOSHA BRAZIEL-ADAMS, is and was at all material times a natural person over the age of eighteen (18), who resides in Macomb County, Michigan.

5. Plaintiff, NAHOSHA BRAZIEL-ADAMS, is the regular user, carrier and subscriber of the cellular telephone number at issue, (###) ###-3654, and is the "called party" with

respect to the calls placed by the Defendant that give rise to this action, as further described herein. See Breslow v. Wells Fargo Bank, N.A., 755 F.3d 1265, 1266, 1267 Communications Reg. (P & F) 934, (11th Cir.2014); Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 643 (7th Cir. 2012).

6. Defendant OCWEN LOAN SERVICING, LLC, (hereafter "OCWEN") is and was at all material times a foreign limited liability company organized under the laws of the state of Delaware and authorized to transact business in the state of Florida. OCWEN maintains a registered agent for service of process in Florida and maintains its principal place of business at 1661 Worthington Road, Ste 100, West Palm Beach, FL 33409.

**PERSONAL JURISDICTION**

7. This Court possesses specific personal jurisdiction over OCWEN as a result of its acts within this District that violated the TCPA.

8. OCWEN maintains sufficient minimum contacts with this District, has purposefully availed itself of the privilege of doing business in this District, maintains a registered agent and principal place of business in Florida, and possesses such a significant and continuous presence in this District such as to be subject to the personal jurisdiction of this Court.

9. In addition, Plaintiff's injuries alleged in this action arise from OCWEN's mortgage loan servicing activities in Florida, and result from OCWEN's tortious conduct in performing said activities within Florida, in violation of the TCPA.

**FACTUAL ALLEGATIONS**

10. At all times material hereto, Defendant OCWEN sought to collect an alleged mortgage debt from Plaintiff NAHOSHA BRAZIEL-ADAMS that gave rise to the injuries for which Plaintiff seeks redress against OCWEN through this action.

11. At all times material hereto, Defendant OCWEN was the servicer of a mortgage loan debt owed by Plaintiff.

12. In or about January of 2012, Defendant, OCWEN began initiating a campaign of autodialed calls ("robocalls") to Plaintiff's aforementioned cellular telephone number, (###) ###-3654, in an effort to collect the above described alleged mortgage loan debt.

13. Throughout the course of the telephone collection campaign described herein, Plaintiff consistently and repeatedly instructed OCWEN'S representatives to cease calling her on her cellular telephone number.

14. Despite Plaintiff's clear and unambiguous instructions to OCWEN's representatives to stop calling, Defendant OCWEN continued initiating autodialed calls to Plaintiff's cellular telephone number in an effort to collect the above described alleged debt, disregarding Plaintiff's instructions to cease placing such calls, in violation of the TCPA.

15. Defendant OCWEN intentionally harassed and abused Plaintiff on numerous occasions by and through its agents and representatives during the time period at issue, including but not limited to:

a. Calling Plaintiff's cellular telephone number several times per day and on back to back days, with such frequency as can reasonably be expected to harass the Plaintiff.

b. Calling Plaintiff's cellular telephone number in an attempt to collect the subject debt after Plaintiff demanded that Defendant cease calling;

c. Calling Plaintiff's aforementioned cellular telephone number and hanging up either prior to or as soon as Plaintiff, or the Plaintiff's answering machine answered the call.

16. Despite Plaintiff's instructions to OCWEN to stop placing calls to her aforementioned cellular telephone number, Defendant OCWEN, in an effort to collect the above

described alleged debt, proceeded to engage in conduct in violation of the TCPA, as described herein.

17.     The telephone calls at issue were placed by Defendant OCWEN using an "automated telephone dialing system" as defined by the TCPA, 47 U.S.C. § 227(a)(1), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers (hereafter "ATDS" or "autodialer"). Specifically, Defendant initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number using the "Aspect" dialing system, which at all material times consisted of server-based computer hardware that that included an inherent random number generator, paired with software that utilized the computer hardware's random number generator functions in order to store and produce the numbers that were dialed by the "Aspect" dialing system, including the calls at issue to Plaintiff's cellular telephone number. As such, the "Aspect" dialing system possessed at all material times the inherent and present capacity to operate as an ATDS as defined by the TCPA, and also had the capacity to function as a "predictive dialer." Moreover, Ocwen has stipulated to Courts in Florida, including during a trial involving similar violations of the TCPA, that its "Aspect" dialing system is objectively an autodialer as defined by the TCPA.[1]

18.     That Defendant OCWEN used an "automatic telephone dialing system" to place the calls at issue is further evidenced by the fact that on at least some of the answered calls, Plaintiff was greeted by a long pause of unnatural silence and/or an audible click/beep prior to a live representative joining the line. These are telltale signs of an automated telephone dialing system.

19.     During the relevant time period prior to the filing of this Complaint, Defendant OCWEN placed in excess of one hundred autodialed calls to Plaintiff's aforementioned cellular

---

[1] See Exhibit "A" hereto, excerpt of trial transcript in Drew v. Ocwen, No. 8:14-cv-369-RAL-TGW (M.D. Fla. September 21, 2015), before the Honorable Richard A. Lazarra, p. 16:17 to 17:9.

telephone number (or such number as will be identified upon examination of Defendant's business records and Plaintiff's cellular provider records). Because the calls at issue to Plaintiff's aforementioned cellular telephone number were the subject of a timely opt-out request in a certified class action case filed in the Northern District of Illinois, Snyder v. Ocwen Loan Servicing, LLC, Civ. No.14-08461 (N.D. Ill. 2017), the statute of limitations under the TCPA was tolled prior to said opt-out request pursuant to American Pipe & Construction Co. v. Utah, 414 U.S. 538 (1974). See also Shelly Christianson v. Ocwen Loan Servicing, LLC, No: 0:17-cv-1525, 2018 WL 4283577, at *1 (D. Minn. Sept. 7, 2018). As such, any calls that were initiated by Defendant to Plaintiff's aforementioned cellular telephone number after October 27, 2010 are subject to liability under the TCPA.

20. Defendant OCWEN initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number without the "prior express consent" of Plaintiff as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

21. Alternatively, Defendant OCWEN initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number subsequent to Plaintiff's revocation of any "prior express consent" Plaintiff may have previously provided to Defendant OCWEN, or that OCWEN mistakenly believed it had.

22. Each of Defendant's unwanted robocalls occupied Plaintiff's cellular telephone line, even when the call was not answered, rendering the line unavailable for Plaintiff to place outbound calls and creating a material safety risk by making the line unavailable for emergency use. Plaintiff considered Defendant's campaign of unwanted robocalls to be intrusive, harassing and an invasion of his right to privacy.

23. Additionally, none of the telephone calls at issue were placed by Defendant OCWEN to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

24. Defendant OCWEN consents of and has knowledge and control of the collection activities of its agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors with respect to the collection activity alleged herein.

25. Defendant OCWEN has a corporate policy of using an automatic telephone dialing system and/or a pre-recorded or artificial voice message, just as it did when initiating the calls at issue to the Plaintiff's cellular telephone number, as described herein.

26. Defendant OCWEN willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

27. Despite having actual knowledge of its wrongdoing, Defendant OCWEN continued the campaign of harassment and abuse.

28. Defendant OCWEN'S corporate policy is structured to continue to call individuals like the Plaintiff, despite its lack of consent to place the calls, and despite the called parties' requests that OCWEN stop calling.

29. Defendant OCWEN'S corporate policy provided no means for the Plaintiff to have her number removed from the call list.

30. Defendant OCWEN followed its corporate policies when attempting to communicate with the Plaintiff in an effort to collect the alleged debt described herein.

31. Defendant OCWEN has been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the country, similar to those alleged in this action by Plaintiff.

32. Defendant OCWEN has or should be in possession and/or control of call logs, account notes, auto dialer reports and other records that detail the exact number of calls made to Plaintiff over the course of the relevant time period.

33. As a direct and proximate result of Defendant's acts or omissions, as set forth herein, Plaintiff has suffered compensatory, statutory and actual damages in the form of emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain, anguish, and loss of capacity for the enjoyment of life.

34. All conditions precedent to the filing of this action have occurred or have otherwise been waived.

## COUNT I
## VIOLATION OF THE TCPA AGAINST OCWEN

35. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (34), as if fully set forth herein, and further alleges as follows:

36. None of the calls at issue were placed by Defendant OCWEN to Plaintiff's aforementioned cellular telephone number with the "prior express consent" of Plaintiff, as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

37. Alternatively, Plaintiff revoked any "prior express consent" Defendant OCWEN had or mistakenly believed it had by verbally instructing Defendant to stop placing calls to his cellular telephone number.

38. Additionally, none of the calls at issue were placed by Defendant OCWEN to Plaintiff's cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

39. Defendant OCWEN willfully and/or knowingly violated the TCPA with respect to Plaintiff NAHOSHA BRAZIEL-ADAMS by repeatedly placing non-emergency calls to Plaintiff's aforementioned cellular telephone number using an automatic telephone dialing system and/or prerecorded or artificial voice message without Plaintiff's prior express consent, and after Plaintiff instructed Defendant to cease calling, as specifically prohibited by the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

40. The TCPA provides Plaintiff with a private right of action against Defendant OCWEN for its violations of the TCPA, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3), and permits both injunctive relief and recovery of statutory damages.

WHEREFORE, Plaintiff NAHOSHA BRAZIEL-ADAMS respectfully demands judgment against Defendant OCWEN for statutory damages, actual damages, costs, interest, an injunction from further violations of these parts, and for such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

*/s/David P. Mitchell*
**David P. Mitchell, Esq.**
Florida Bar No. 067249
MANEY & GORDON, P.A.
101 East Kennedy Blvd., Suite 1700
Tampa, Florida 33602
Telephone: (813) 221-1366
Fax: (813) 223-5920
David@MitchellConsumerLaw.com
*Lead Counsel for Plaintiff*

And

**Consumer Law Attorneys**

/s/ *Young Kim*
**Young Kim, Esq.,**
Florida Bar No. 122202
2325 Ulmerton Rd., Ste. 16
Clearwater, FL 33762
Phone: (877) 241-2200
federalservice@consumerlawattorneys.com
ykim@consumerlawattorneys.com
*Co-Counsel for Plaintiff*